## DAVIS *vs.* JEWETT.

Where suit is brought for damage arising from flowing the plaintiff's land, and the injury is to a reversionary interest merely, it must be so alleged in the plaintiff's declaration.

Where, during a portion of the time for which damage was claimed, the plaintiff was in possession, and for the remaining period had leased to a tenant;—*Held*, that the plaintiff, during the time of such lease, could not recover unless he alleged specifically that the damage was to the injury of the reversion.

CASE, to recover for injury done by the defendant's keeping up and maintaining a dam from the 1st of April, 1830, to the date of the plaintiff's writ, on the 8th of October, 1839, so as to throw back water upon the plaintiff's land, causing damage to his crops, soil and woodland, whereby he was deprived of their use and occupation.

The defendant plead the general issue and the statute of limitations.

Davis *v.* Jewett.

It appeared in evidence that the defendant was the owner of the dam and mills, from April 1st, 1830, until the 6th of May, 1834, at which time the defendant conveyed them to his sons, Alvah C. and Jeremiah Jewett, and took a mortgage back of the same property. The defendant continued to reside upon the premises, with his sons, and aided and assisted in rebuilding the dam in 1834, and settled with and paid one of the workmen upon the dam.

It appeared, on the part of the plaintiff, that the dam was so constructed as to flow back water upon the plaintiff's land; but it was contended that the defendant, and those under whom he claimed, had acquired a right of flowage by twenty year's uninterrupted usage prior to the time named in the plaintiff's writ, and evidence was offered tending to show such flowage.

The plaintiff had leased the land flowed to one Breck, from April 1, 1835, to April 1, 1838, and it was conceded that Breck would be entitled to the injury to the crops for those years; but the plaintiff contended that he was entitled to recover for the injury to the reversion during those years, or any permanent injury to the soil or growth.

The court instructed the jury that the plaintiff could not recover for any injury to the reversion of the plaintiff under his present declaration, but only for such time as he was in actual possession of the premises while they were not under lease.

Verdict was rendered for the plaintiff, and the defendant moved to set the same aside, on account of misdirection of the court.

*Britton, & Bell,* for the plaintiff. The court charged the jury that the plaintiff could not, on the present declaration, recover for a wrong to his reversionary interest in the premises, and that his right to recovery was limited to the time he was actually in possession prior to his lease of the premises. The declaration charges permanent injury to the land,

" that it was made spongy, rotten, and impassable," and that the grass and timber were damnified by the acts of the plaintiff. This is equivalent, under the facts, to an express declaration of injury to the reversion. There was no actual difficulty in the jury's passing intelligibly, under this declaration, on the question of damage to the plaintiff, during the time he was actually seized and possessed personally, and the injury to the plaintiff's reversionary interest while it was leased to the tenant.

*Quincy, & Wilcox*, for the defendant. In all actions upon the case, it is necessary that the plaintiff's right and interest in the thing affected, be specifically stated ; and any material variance in this respect between the allegation and proof, is fatal. 1 *Ch. Pl.* 328. Though the averment of title be more particular than it need be, the whole must be proved, or the plaintiff cannot recover. 1 *Chit. Pl.* 334 ; 2 *Stark. Ev.* 350.

The allegation in the plaintiff's writ is, that he was seized and *possessed,* which clearly implies a possessory interest ; but in fact while the tenant for years was in possession, the plaintiff was not possessed. He could not maintain trespass *quare clausum.* 7 *N. H. Rep.* 167, *Anderson* vs. *Nesmith.*

Chitty lays down the rule very distinctly, that where a reversioner sues for an injury to houses, land, &c., in possession of his tenant, his interest must be described accordingly. 1 *Ch. Pl.* 142 ; 2 *Ditto* 378.

Upham, J. In actions on the case for damage to property, it is an established rule in pleading that the plaintiff's right, or interest in the property, should be stated according to the facts.

Where the plaintiff's interest in personal property is reversionary, his right must be described accordingly. 1 *Chit. Pl.* 329.

In 1 *Saund.* 343, it is said that if the plaintiff declares as

a reversioner for an injury to his reversionary interest, the declaration must allege it to have been to the damage of his reversion, or must state an injury of such a permanent nature as to be necessarily injurious to his reversion ; and the case of *Jackson* vs. *Pesked*, 1 *Maule & Sel.* 284, is cited as authority to this point. But the ground of this decision is erroneously stated. It is there held that a reversioner must set forth his interest as such, and allege that the damage was an injury to the reversion. It is not sufficient that the injury complained of might be of such a permanent nature as to affect the reversion. The plaintiff in that case declared as a reversioner of a yard and part of a wall, which one W. F. occupied as his tenant ; and alleged that the defendant wrongfully placed on the wall quantities of bricks and mortar, and raised it to a greater height than before ; and placed timbers on the wall overhanging the yard, on account of which the plaintiff lost the use of the wall, and the rain flowed from the wall on to the yard, and the yard and wall became thereby injured ; but as the declaration did not allege that his reversion had been prejudiced, the court arrested the judgment.

A declaration by a reversioner usually alleges a possession and occupation in the tenant, and a reversion in himself, and that the defendant, well knowing the premises, and contriving to injure and prejudice the plaintiff in his reversionary estate, did the acts complained of, whereby he has been greatly prejudiced and injured in his reversionary estate.

In all cases of this kind, both the tenant and reversioner have separate actions for their several damage. 1. *Saund.* 322, *note* 3 ; 3 *N. H. Rep.* 88, *Plumer* vs. *Harper.*

The rule requiring the plaintiff to set forth his specific interest in the property affected, in cases of this description, is indispensable. The fact that the plaintiff is a reversioner not only should appear, but the extent of his reversion ; whether it is for years, or for life, or in fee. In no other way can the damage be correctly known or assessed.

Davis *v.* Jewett.

Where the property for a portion of the time is occupied by the owner, and subsequently he has a mere reversionary interest, which is the case in the present suit, separate counts should be inserted, as in *Baker* vs. *Saunderson,* 3 *Pick.* 352.

The instruction to the jury was right, that the plaintiff, under his present declaration, was entitled to recover for injury to his estate while in possession merely, and that he has not claimed and cannot recover in the present suit any damage for that portion of the time while he held a mere reversionary interest.

*Judgment on the verdict.*